**LANE & NACH, P.C.**
2001 E Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Michael P. Lane – 007435
Email: michael.lane@lane-nach.com
Helen K. Santilli – 032441
Email: helen.santilli@lane-nach.com

*Attorneys for Alan Travis and Mary Travis*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>KARA FRANCES JENNINGS,<br><br>Debtor. | (Chapter 7 Case)<br><br>No. 22:18-bk-11759-DPC<br><br>**APPLICATION FOR ORDER TO SHOW CAUSE WHY RAYMOND PEREA AND KARA JENNINGS SHOULD NOT BE REQUIRED TO COMPLY WITH THE ORDER APPROVING TRUSTEE'S MOTION TO SELL ESTATE'S INTEREST IN PROPERTY AND APPROVE BIDDING PROCEDURES** |

Alan and Mary Travis ("**Buyers**"), by and through undersigned, herein file this *Application for an Order to Show Cause Why Raymond Perea and Kara Jennings Should Not be Required to Comply with the Order Approving Trustee's Motion to Sell Estate's Interest in Property and Approve Bidding Procedures* ("**Application**"). The Application seeks the entry of an Order to be issued against Raymond Perea ("**Mr. Perea**") and Kara Frances Jennings ("**Debtor**") as to why they should not be required to comply with the *Order Approving Trustee's Motion to Sell Estate's Interest in Property and Approve Bidding Procedures* ("**Sale Order**"). For their Application, the Buyers present the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. This case was commenced by a voluntary Petition filed by the Debtor on September 6, 2018 ("**Petition Date**").

2. Debtor's case closed on December 14, 2020 and Buyers' Motion to Reopen the case is pending.

3. The Debtor and Mr. Perea divorced prior to the Petition Date.

4. As a result of their divorce, on or around October 6, 2017, the Debtor and Mr. Perea executed a *Stipulated Martial Settlement Agreement* ("**MSA**"). Attached as **Exhibit** A is a copy of the MSA.

5. Pursuant to the MSA, Mr. Perea and the Debtor agreed that Debtor "shall receive a cash payout of One Hundred and Fifteen Thousand Dollars ($115,000.00)". (Exhibit A, ⁋ 9.a.).

6. To secure the Debtor's interest in the foregoing cash payout, the MSA created Debtor's beneficial interest in Mr. Perea's Deferred Compensation Plan for Employees of the State of New Mexica (PERA Smart Save Deferred Compensation Plan held by Voya Financial ("**Compensation Account**"). Attached hereto as **Exhibit B** is a copy of the plan Compensation Account.

7. In the event Mr. Perea passed away prior to his retirement or April 2024, Debtor's interest in the Compensation Account would vest and she would be entitled to the funds in the Compensation Account up to the sum of $115,000 ("**Beneficial Interest**"). (Exhibit A).

8. Under the MSA, the Debtor also received an interest in a **cash payout** in the amount of $115,000.00, which vested either upon the retirement of Mr. Perea or by not later than March of 2024 ("**Cash Payout**"). (Exhibit A). This asset was sold as more fully set forth below.

9. The Cash Payout "shall be paid in full within thirty (30) days from [Mr. Perea's] retirement. (Exhibit A, ⁋ 9.a.).

10. The Cash Payout "is due in full no later than April 2024."

11. Mr. Perea "shall notify the Nationwide Deferred Compensation Account holders prior to his retirement to insure a timely disbursement of funds." (Exhibit A, ⁋ 9.d.).

12. On May 21, 2020, Robert A. MacKenzie, the Chapter 7 Trustee ("**Trustee**") filed a *Motion to Sell Estate's Interest in Property and Approve Bidding Procedures* ("**Sale Motion**"). (De 93).

13. On June 23, 2020, the Court entered the Sale Order which sold the Estate's interest in the Cash Payout to the Buyers. (DE 103).

14. On June 26, 2020, the Trustee filed his Report of Sale indicating the Buyers paid the approved purchase price to the Estate. (DE 106).

15. On September 14, 2020, the Trustee recorded an Assignment wherein the Estate assigned and transferred all right, title, and interest of the Debtor in and to the Cash Payout to the Buyers. Attached hereto as **Exhibit C** is a copy of the Assignment.

16. Mr. Perea is alive and the interest in the Cash Payout has fully vested and is owing to the Buyers.

17. Mr. Perea has notified the Compensation Account consistent with the MSA, but has given them instructions to create a retirement instrument for the **Debtor** in the amount of $115,000, despite his knowledge of the Sale Order.

18. On or around May 10, 2024, the Buyers reached out to Mr. Perea's attorney, Diego Esquibel. Mr. Esquibel indicated the Cash Payout would be "placed in a new account created for Ms. Jennings", despite his knowledge that the interest in the Cash Payout was sold to the Buyers and in violation of this Court's Sale Order. (**Exhibit D**).

19. On June 7, 2024, undersigned spoke with the Debtor she did not understand why the funds in their entirety would need to be turned over to the Buyers. As such, the Buyers have serious concerns that if Mr. Perea directs the Cash Payout to the Debtor, they will be unable to recover the funds for which they paid valuable consideration pursuant to a valid and lawful Court order.

20. On or around March 8, 2024, the State of New Mexico County of Sandoval Thirteenth Judicial District entered an *Order Diving Retirement Benefits* ("**QDRO**"), a copy of which is attached as **Exhibit E**.

21. Pursuant to the QDRO, Mr. Perea indicated the Alternate Payee was Kara Jennings and has taken steps to facilitate the Cash Payout being remitted to the Debtor instead of the Buyers consistent with this Court's Sale Order.

22. Upon information and belief, June 10, 2024 is the last day to object to the QDRO and the New Mexico QDRO Administration will be mailing the Debtor a PIN to confirm her information and create a retirement instrument in Debtor's name to receive the Cash Payout. Attached hereto as **Exhibit F** is a letter sent to Mr. Perea's attorney regarding the Compensation Account and the distribution to be made therefrom. As more fully stated therein, the Cash Payout is being directed to the Debtor instead of the Buyers.

23. Upon information and belief, Mr. Perea believes this is appropriate given it complies with his understanding of the MSA, despite the sale of the Cash Payout to the Buyers.

24. The Buyers request that Mr. Perea appear and explain what reason, should he have any, as to why has refused to comply with the terms of the Sale Order.

25. The Buyers request that the Debtor appear and explain what reason, should she have any, as to why she has not complied with the Sale Order. Upon information and belief, the Debtor has taken no steps to correct the QDRO and has been compliant with requests from the Compensation Account for her information.

26. Should Mr. Perea and the Debtor not have sufficient cause to excuse their non-compliance with the Sale Order and should they not comply with such duties within fourteen (14) days after entry of an Order to Show Cause, their continued refusal to comply with this Court's Sale Order can only be taken as failure and/or refusal to obey a lawful order of the Court and grounds for the Buyers' to be awarded attorney's fees incurred herein and sanctions adequate to compel compliance, such as a daily fine of $100.00.

WHEREFORE, Trustee prays for an Order:

A. Granting this Application;

B. Directing Mr. Perea to appear before this Court and show cause why he should not be required to comply with the Sale Order;

C. Directing the Debtor to appear before this Court and show cause why she should not be required to comply with the Sale Order;

D. For an award of attorney's fees in the event Mr. Perea and the Debtor failed to comply with the Sale Order within fourteen days of the entry of an Order to Show Cause; and

E. For any such relief the Court deems just and proper.

RESPECTFULLY SUBMITTED this 10th day of June, 2024.

**LANE & NACH, P.C.**

By  /s/ *Helen K. Santilli*
    Helen K. Santilli
    Michael P. Lane
    *Attorney for Buyers*

COPY of the foregoing mailed this 10th day of June, 2024, to:

Kara Frances Jennings
1701 E. Colter St., Unit 376
Phoenix, AZ 85016
Email: karajennings7@gmail.com
*Debtor, Pro Se*

Raymond Perea
c/o The Esquibel Law Firm, P.C.
1911 Wyoming Blvd. NE
Albuquerque, MN 87112
Email: diego@esquibel.law
*Counsel for Mr. Perea*

Raymond Perea
1802 Western Hills Drive SE
Rio Rancho, NM 87124

Voya Financial
**Attn: Legal Department**
Voya Financial
230 Park Avenue
New York, NY 10169
Fax Number: (844) 299-2373
Fax Number: (800) 643-8143

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: ustpregion14.px.ecf@usdoj.gov

New Mexico QDRO Administration
Post Office Box 417
Hartford, CT 06141

Kara Frances Jennings
4454 32nd Street
San Diego, CA 92116

Darlene Weed
1171 Montoya Road, Suite A
Bernalillo, MN 87004
Email: weedlawfirm@hotmail.com
*Counsel for Kara Jennings*

By:  /s/ *Danica Acosta*